IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE C. RUCKER, ) | No. C 06-1957 JSW (PR) |
|     Petitioner, ) | |
| vs. ) | **ORDER TO SHOW CAUSE** |
| A. P. KANE, Warden, ) | (Docket No. 3) |
|     Respondent. ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the Correctional Training Facility in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision of the Board of Prison Terms to deny him parole in violation of his due process rights. Petitioner has paid the filing fee.

Petition has also filed a motion to amend the petition (docket no. 3). Ordinarily, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with leave of court any time during a proceeding. *Mayle v. Felix*, 125 S. Ct. 2562, 2569 (2005) (citing Fed. R. Civ. P. 15(a)). However, as it does not appear that Petitioner's motion is actually intended to amend the instant petition to allege separate claims, but rather appears intended to explain Petitioner's failure to file his petition earlier, the petition is DENIED as moot (docket no. 3). If in the future Respondent seeks dismissal of the petition as untimely, Petitioner may file a responsive pleading. However, as no such motion is before the Court, Petitioner need not amend his petition to include such facts. This order directs Respondent to show cause why the

petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of first degree murder in San Bernard County Superior Court in 1976 and was sentenced to 7 years-to-life in state prison. In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence. Petitioner contends that the failure of the Board of Prison Terms to provide him with hearings within a certain time, counsel, and an opportunity to present his case violated his federal due process rights. He alleges that he has exhausted state judicial remedies as to all of the claims raised in his federal petition.

## DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    <u>Legal Claims</u>

Petitioner alleges that his due process rights were violated by the failure of the Board of Prison Terms to provide him with a hearing within a certain time, counsel, and an opportunity to present his case. Liberally construed, the allegations are sufficient to warrant a response from Respondent. *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

## CONCLUSION

*For the foregoing reasons and for good cause shown,*

2

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: August 23, 2006

                                                                                         _Jeffrey S. White_
                                                                                         JEFFREY S. WHITE
                                                                                         United States District Judge