IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE C. RUCKER,<br>        Petitioner,<br>  v.<br>A. P. KANE, Warden,<br>        Respondent. | No. C 06-1957 JSW (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION**<br><br>(Docket Nos. 5, 7) |

Petitioner, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the failure of the Board of Prison Terms to provide him with a "Serious Offender Hearing" after enactment of the Determinate Sentencing Law in 1977, along with counsel and an opportunity to present his case in violation of his federal due process rights. The Court issued an order to show cause and on October 11, 2006, Respondent filed a motion to dismiss the petition on the grounds that it is untimely (docket no. 5). Petitioner has filed an opposition to the motion (docket no. 6) and a motion to amend (docket no. 7). While Petitioner's motion to amend is labeled as such, it appears that it is instead a further argument in opposition to the motion. The motions are before the Court for consideration on the merits.

### BACKGROUND

Petitioner claims that his due process rights were violated by the failure of the Board of Prison Terms to provide him with a "Serious Offender Hearing" after the Determinate Sentencing Law was enacted on July 1, 1977. He also complains that he was deprived of counsel and an opportunity to present his case at such a hearing. Petitioner

challenges the constitutionality of California Penal Code § 1170.2, which he contends entitled him to a Serious Offender Hearing after Petitioner alleges that he was entitled to such a hearing under § 1170.2(a) and (b) and that failure to provide him with such a hearing "before October 1, 1978 or within 120 days of receipt of the prisoner" as set forth in the statute, *see, In Re Schaefer*, 116 Cal. App.3d. 588, 594 (1981), violated his rights under *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) and *Board of Pardons v. Allen*, 482 U.S. 369, 376-78 (1987). Respondent has moved to dismiss the petition as untimely.

## RESPONDENT'S MOTION TO DISMISS AS UNTIMELY

Respondent argues that the petition must be dismissed because it was not filed within one year of the date on which the "factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2254(d)(1)(D). Respondent contends that the factual predicate for Petitioner's claims is either the date on which he was denied a hearing, October 1, 1978 or at the very latest, on the date of Petitioner's first parole suitability hearing in 1982 and that there is no question that the claim could have been discovered with due diligence earlier than September 21, 2004, the date Petitioner contends he became aware of the claim.

Petitioner argues that the petition is timely and that under 28 U.S.C. § 2254(d)(1)(D), the one year limitations period did not commence until "the administrative decision became final in 2004." *See,* Opposition at 2.

AEDPA's one-year time limit did not begin to run against any state prisoner before the date of the Act's enactment. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc). With regard to constitutional challenges to state convictions, a prisoner with a state conviction finalized before April 24, 1996 had until April 24, 1997, to file a federal habeas petition on time. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

In most cases, the one year limitations period will start on the date on which the

judgment becomes final after the conclusion of direct review or the time passes for seeking direct review, but the limitations period may start on a later date. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Under AEDPA, habeas petitions filed by prisoners must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Section 2244(d)(1)(D) applies to claims by prisoners challenging administrative decisions such as the revocation of good time credits or the denial of parole. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). In a case where a prisoner challenged the parole board's most recent decision to find him unsuitable for parole, the Ninth Circuit has determined that the limitations period began to run when the BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole. *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003). The "factual predicate" of such a habeas claims is the administrative appeal board's denial of the administrative appeal; it is not the denial of the state habeas petition. *See id.* at 1082.

Petitioner apparently concurs that section 2244(d)(1)(D) applies and cites *Shelby* in support of his argument that the commencement of the limitations period occurred in 2004 at the conclusion of the Board's administrative decision. In this case, however, unlike in *Shelby* and *Redd,* Petitioner does not challenge the denial of parole at his parole suitability hearing. Petitioner challenges, instead, the failure of the authorities to hold a "Serious Offender Hearing" for him after enactment of the Determinate Sentencing Law, which went into effect in 1977. Therefore, the factual predicate for this claim is the date on which Petitioner could reasonably have known of his entitlement to such a hearing through the exercise of due diligence.

There is limited authority interpreting § 2244(d)(1)(D) regarding what constitutes

3

"the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The time period generally begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'"  *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings concerning determination of when, with exercise of due diligence, petitioner could have discovered facts to support prejudice prong of IAC claim).

Section 2244(d)(1)(D) accordingly allows the limitation period to start running "when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner."  *Ybanez v. Johnson*, 204 F.3d 645, 646 (5th Cir. 2000) (citation omitted).  Courts should be careful not to confuse a petitioner's knowledge of the factual predicate of his claims with the time permitted for gathering evidence in support of the claims: "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim[s]."  *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998).  *See, e.g., United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (§ 2255 petition) (even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings;" because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)).

In this case, Petitioner argues that he is entitled to a hearing under a statute that came into existence in 1977 and has been continually in place since then.  Although Petitioner contends that "there is no way he could have known of his right anyway" because of his mental impairments and illiteracy, he has attached a psychological evaluation to his opposition dated September 1, 2004, that documents that while he was illiterate upon entering prison, he subsequently earned a high school diploma while incarcerated.  *See*, Plaintiff's Opposition, Exhibit C.  Moreover, while a petitioner may in some circumstances be entitled to equitable tolling of the limitations period, a *pro se*

4

petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.  *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) , 448 F.3d at 1154; *cf. Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar).  In this case, Petitioner has not met his burden of establishing that he is entitled to the benefit of this "extraordinary exclusion."  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

## CONCLUSION

As such, Respondent's motion to dismiss is GRANTED and the petition is DISMISSED.  The Clerk shall terminate all pending motions as decided by this order (docket nos. 5, 7), enter judgment and close the file.

IT IS SO ORDERED.

DATED:     June 12, 2007

_____
JEFFREY S. WHITE
United States District Judge

5